**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

PAUL RAY GRANDERSON, ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES OF
MORRIS LEE GRANDERSON, DECEASED                        PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06cv100-DCB-JMR

INTERSTATE REALTY MANAGEMENT COMPANY,
STACY LEACH, OAK HAVEN APARTMENTS TC, L.P.,
THE MICHAELS DEVELOPMENT COMPANY, INC.,
CENTURY PACIFIC EQUITY CORPORATION, and
JOHN DOES 1-20                                        DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter comes before the court on the plaintiff's Motion
to Remand [**docket entry no. 8**].  Having reviewed the Motion,
briefs, applicable statutory and case law and being otherwise fully
advised as to the premises, the Court finds and orders as follows:

**PROCEDURAL HISTORY**

On June 21, 2006, Paul Ray Granderson filed his amended
complaint in the Circuit Court of Yazoo County, Mississippi.
Process was first served on Oak Haven Apartments on June 22, 2006,
and the remaining defendants were all served with process before
July 5, 2006.  Oak Haven Apartments, alone, filed its Notice of
Removal [docket entry no. 1] on July 17, 2006.  On July 24, 2006,
all of the defendants filed separate answers [docket entries nos.
2-5] to the amended complaint.  The following day, July 25, 2006,
Interstate Realty, Michaels Development Company, Century Pacific
Equity, and Stacy Leach joined in Oak Haven Apartments' Notice of

Removal [docket entry no. 6].  On August 9, 2006, Granderson filed a Motion to Remand [docket entry no. 8], in which he argues that "the joinder of the other Defendants in the removal was not within the thirty (30) day period prescribed by law."  (Mem. M. Remand, 3.)

### DISCUSSION

Removal is a statutory right, and as such, its procedural requirements must be construed strictly in favor of state court jurisdiction.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941); <u>McManus v. Glassman's Wynnefield, Inc.</u>, 710 F. Supp. 1043, 1045 (E.D. Pa. 1989).  District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice.  <u>Shamrock Oil & Gas</u>, 313 U.S. at 108-09; <u>Foster v. Chesapeake Ins. Co., Ltd.</u>, 933 F.2d 1207, 1215 (3d Cir. 1991).  The burden is on the defendant to prove that the procedural requirements for removal are met.  <u>Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch</u>, 776 F. Supp. 437, 439 (E.D. Wis. 1991).

For removal to be proper where the state court action is brought against multiple defendants, all served defendants must join in the notice of removal.  <u>United Plumbing & Heating Co. v. Lewis</u>, 113 F. Supp. 2d 1041, 1042 (S.D. Miss. 2000); <u>Martin Oil Co.</u>

v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D. Ill. 1994) (referring to the "rule of unanimity").   Pursuant to 28 U.S.C. § 1446(b), "all served Defendants must join in the [notice of removal] no later than 30 days from the date on which the first Defendant was served."   Getty Oil Corp v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988); see also Air Starter Components, Inc. v. Molina, 442 F. Supp. 2d 374, 377-78 (S.D. Tex. 2006); Jerrell v. Kardoes Rubber Co., Inc., 348 F. Supp 2d 1278, 1282-83 (M.D. Ala. 2004).   To satisfy this joinder requirement, the defendants need not all sign the same notice of removal; rather, the defendants may independently manifest their assent to removal by filing an unambiguous written statement of consent with the Court.   Getty, 841 F.2d at 1262 n.11; Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995).

The defendants maintain that "all defendants filed timely evidence of their consent to removal, and their filings are sufficient to meet the criteria for timely removal established by Fifth Circuit precedent."   (Mem. Opp. M. Remand, 10.)   The defendants contend that each of them consented to the removal of this case by filing their separate answers.   In support of this contention, the defendants' attorney attached an affidavit to his Response in Opposition of Motion to Remand [docket entry no. 12], wherein he attested "that each defendant consented to removal of this case at the time each defendant answered the Amended

Complaint." (Resp. Opp. M. Remand Ex. D, 2.)

Since Oak Haven Apartments was served on June 22, 2006, the first-served rule dictates that the defendants had until July 24, 2006 to all join in Oak Haven Apartments' notice of removal. It is undisputed that the defendants officially joined in the removal on July 25, 2006, one day after the expiration of the thirty-day removal period. Accordingly, the timeliness of the removal turns on whether the defendants' separate answers constitute a sufficient expression of consent to the removal.

As explained by the Fifth Circuit in Getty Oil, each defendant must consent for itself. "[T]here must be some timely filed written indication from each served defendant . . . that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." Getty Oil, 841 F.2d at 1262 n.11. Unless an unambiguous written statement of consent is timely filed with the Court, it is irrelevant that the defendants may have actually agreed to the removal. Similarly, the simple fact that the consenting and non-consenting defendants have the same attorney does not create an implied joinder or consent. Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 636 (S.D. Miss. 2001). Moreover, the defendants' answers in this case are silent as to whether they consented to the removal. "[T]he mere filing of an

answer is hardly a clear, unambiguous expression of consent."[1] Spillers v. Tillman, 959 F. Supp. 364 (S.D. Miss. 1997), quoted in Beard v. Lehman Bros. Holding, Inc., --- F. Supp. 2d ---, 2006 WL 2661170, *5 (M.D. Ala. Sept. 15, 2006).   Since the defendants failed to unambiguously join in Oak Haven Apartments' Notice of Removal within thirty days of the notice's filing, this action must be remanded to the state court from whence it came.   Accordingly,

IT IS HEREBY ORDERED, that the plaintiff's Motion to Remand [**docket entry no. 24**] is **GRANTED**; therefore, this action shall be remanded to the state court from whence it came.   A final order of remand shall be entered remanding this case to the Circuit Court of Yazoo County, Mississippi.

SO ORDERED, this the 27th day of November, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

---

[1]This, of course, does not mean that an answer may never constitute an unambiguous consent to removal.   Getty Oil only requires the defendant to file a written indication of consent.   An unambiguous statement of consent in an answer would satisfy Getty Oil.